———o———

## No. 5646.

## TERRY & COMPANY vs. CHARLES SCHENCK.

### Syllabus.

A broker employed to procure a purchaser for cash within a limited term, does not earn his commission by tendering, on the last day of the term, a purchaser who, though ready and able to buy and willing to enter into an executory agreement to purchase for the price and on the terms stipulated, demands that the final execution of the sale and the payment of the price be unduly and unreasonably postponed or delayed.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 94,596, Hon. E. K. Skinner, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellant.

Buck, Walshe & Buck, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Defendant employed plaintiff, as broker, to dispose of his barroom under a written contract of employment,

dated August 16th, the material provisions of which are as follows:

> "I hereby authorize and empower Terry and Company * * * to sell the bar * * * and to give an option on same, if need be, for the price * * * of $7,500, with the usual 10% deposit, * * * said authorization and power to be binding for fifteen days from date."

On August 31st, the day upon which the authorization would expire by limitation, plaintiff produced and tendered to defendant a prospective purchaser, willing and ready to then and there enter into an executory agreement of sale for the price stipulated, namely, $7,500, and to make the deposit of 10%, but who demanded that the transfer of tile or final execution of the agreement be postponed for "two or three weeks," on the plea that he would require that time to procure the funds necessary to pay the whole of the purchase price, he having then but $3000 or $4000 in cash in his possession. All negotiations were abruptly terminated upon defendant declining to grant this delay, and plaintiff now appeals from a judgment rejecting its claim for a commission of 5% stipulated in the contract.

If, as defendant contends, the contract should be construed as one requiring a completed sale for cash to be effected before August 31st, it is clear that plaintiff would not be entitled to recover, for at that date no sale had been made, nor any purchaser tendered who was then able to pay the whole of the price in cash.

On the other hand, plaintiff urges that the contract, properly construed, simply required it to "find a purchaser" before August 31st, and that it fulfilled its engagement and earned its commission when, on that date, it tendered to defendant a purchaser ready and able to

buy and willing to enter into an executory agreement to purchase for the price and on the terms stipulated.

It is conceded that the contract contemplated a sale for cash and not on credit; and even if we should adopt the interpretation for which plaintiff contends, namely, that the agreement was one simply to find a purchaser, we cannot subscribe to the view that a fulfillment of this engagement on the broker's part is evidenced by a tender of a purchaser who demands that the execution of the sale and the payment of the price be postponed for several weeks. The sale was one of personal property and the contract contemplated merely a short delay within which to observe the formalities, if any, required to consummate the transaction—a matter of a day or so and not of weeks, and one not to be guaged by the convenience of either party.

The Court is satisfied that the commission has not been earned in this case and that plaintiff's claim was properly rejected below.

It is accordingly ordered that the judgment appealed from be affirmed.

Judgment affirmed.

Opinion and decree, January 13th, 1913.